LAZARE POTTER GIACOVAS & MOYLE LLP
875 Third Avenue
New York, New York 10022
Telephone (212) 758-9300
Facsimile: (212) 888-0919
Attorneys for Plaintiff,
CBSC Events & Exhibition and
Conference Organiser

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2018 APR 10 P 3: 33

RECEIVED

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

    STELLA BOYADJIAN,

                      Debtor.
-----------------------------------------------------------x
CBSC EVENTS & EXHIBITION AND
CONFERENCE ORGANISER,

                      Plaintiff,

v.

BIG APPLE MUSIC AWARDS FOUNDATION,
STELLA BOYADJIAN, WAKILA WAHID,
RAMIN YOURESH and WAKILA & RAMIN
MANAGEMENT, LLC d/b/a RAWA EVENTS
MANAGEMENT

                      Defendants.
-----------------------------------------------------------x

Case No. 18-40105 (NHL)

Adv. Proc. No. _____

**COMPLAINT ASSERTING NON-DISCHARGEABILITY OF CERTAIN DEBTS
PURSUANT TO SECTIONS 523(a)(2)(A) AND 523(a)(6) OF THE BANKRUPTCY CODE**

Plaintiff, CBSC Events & Exhibition and Conference Organiser ("CBSC"), is a plaintiff in a prepetition suit commenced in the Supreme Court of the State of New York, County of New York, index number 155597/2017, against, among others, Stella Boyadjian ("Defendant" or

"Debtor") for fraud and breach of contract (the "Fraud Action"). Plaintiff, by and through its attorneys of record, Lazare Potter Giacovas & Moyle LLP, commence this Adversary Proceeding against Debtor seeking a judgment that the claims asserted by Plaintiff are non-dischargeable pursuant to sections 523(a)(2)(A) and 523(a)(6) of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and, as grounds for such non-dischargeability, alleges as follows:

## NATURE OF THE ACTION

1. CBSC brings this action for fraud against defendants, Stella Boyadjian ("Boyadjian"), Ramin Youresh ("Youresh") and Wakila Wahid ("Wahid") and for breach of contract against Big Apple Music Awards Foundation, Inc. ("BAMA") and Wakila & Ramin Management, LLC., d/b/a RAWA Events Management ("RAWA"; collectively, "Defendants") to recover losses suffered by CBSC when Defendants fraudulently induced CBSC to invest funds and promotional efforts as a sponsor of the 2016 Big Apple Music Awards to be held in Dubai, United Arab Emirates (the "Awards"). After lying to CBSC, taking CBSC's money and accepting its promotional efforts on behalf of the Awards, Defendants did what they had intended to all along—they cancelled the show and moved it to New York City, disappearing with CBSC's money. In doing so, Defendants irreparably damaged CBSC's reputation within the Dubai marketplace for event promotion and organization. Those damages include reimbursement of CBSC's sponsorship investment, out-of-pocket expenses and lost business and reputational damages in an amount to be determined at trial, but no less than $250,000.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is an adversary proceeding pursuant to Fed. R. Bankr. Proc. 7001(6) and a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I).

2

3. Venue is proper within this district pursuant to 28 U.S.C. § 1409.

4. Pursuant to Fed. R. Bankr. Proc. 7008(a), this Adversary Proceeding relates to Bankruptcy Case No. 18-40105 (NHL), which was filed as a Chapter 7 case by the Defendant on January 9, 2018.

**PARTIES**

5. Plaintiff, CBSC Events & Exhibition and Conference Organiser is a company organized under the laws of the country of United Arab Emirates, with a principal place of business in Dubai, UAE.

6. On information and belief, Defendant, Big Apple Music Awards Foundation is a 501(c)(3) not-for-profit corporation registered in the state of New Jersey, with its principal place of business in New York, New York.

7. On information and belief, Defendant Stella Boyadjian is an individual domiciled in Rego Park, Queens, New York.

8. On information and belief, Defendant Wakila Wahid is an individual who has a German passport and has resided in the United Kingdom and Kabul, Afghanistan.

9. On information and belief, Defendant Ramin Youresh is an individual who has a Dutch passport and resides in Germany and Dubai, U.A.E. Youresh is a partner and General Manager of defendant Wakila & Ramin Management, LLC., d/b/a RAWA Events Management.

10. On information and belief, Defendant Wakila & Ramin Management, LLC, d/b/a RAWA Events Management is a company organized under the laws of the United Arab Emirates, with its principal place of business in Dubai, UAE.

## FACTS

11. On or about March 2016, Ahmed Adel Abdalla Ahmed, the owner of CBSC ("Ahmed") was contacted by a mutual acquaintance, Hana Stars, who owns an event company in Abu Dhabi. Ms. Stars indicated that there was going to be an event being put on in Dubai and she wanted to introduce Ahmed to Youresh and Wahid.

12. Later that month, in Dubai, Ahmed was introduced to Wahid, who identified herself as the Executive Producer and member of the board of directors for BAMA. She was soliciting sponsors for the Awards.

13. The Awards is an annual event organized and hosted by BAMA that was first held in 2004 and advertises itself as celebrating international music from Central Asia, the Caucuses and the Middle East. It is purported to be the largest awards show of its kind. According to Wahid's representations, the Awards had been held in Germany the previous year, 2015 and BAMA was now bringing the Awards to Dubai. It would be a huge success in Dubai, given the nature of the event, and a great driver of future business for anyone who sponsored it.

14. During this first meeting, Wahid told Ahmed that Youresh, who was not present, would be available for the next meeting, which was intended to be the press rollout. Ahmed questioned Wahid's relationship to BAMA and her authority to act on BAMA's behalf. In order to allay Ahmed's concerns, Wahid provided him with a copy of a document that reflected her designation as agent for BAMA in the United Arab Emirates and European Union. That document was signed by Boyadjian on behalf of BAMA and notarized on September 21, 2015, in Queens County, New York (a true and correct copy of which is attached hereto and incorporated by reference as if fully-set forth herein as Exhibit 1).

15. A second Authorization Letter signed by Boyadjian and dated February 26, 2016, and provided to Ahmed at that same meeting, states that RAWA was authorized to "organize Big Apple Music Awards Ceremony 2016 in Dubai (UAE)" (a true and correct copy of which is attached hereto and incorporated by reference as if fully-set forth herein as Exhibit 2).

16. The representations made in these two letters were false at the time they were made. On information and belief, Boyadjian, Wahid and Youresh intended to use the letters to induce Dubai businesses to sponsor the Awards by representing that Wahid and Youresh had authority to represent and bind BAMA. Then, once the sponsorship funds had been obtained, they intended to pull the Awards out of Dubai. When asked for the contractually-owed refund, Wahid and Youresh, who fled Dubai, would tell sponsors to look to BAMA for the funds, and Boyadjian, from the safety of New York, would tell them that Wahid and Youresh had no authority to bind BAMA and to pursue RAMA, Wahid and Youresh in the Dubai courts for their money.

17. In or about early April 2016, Ahmed met with Wahid a second time, this time in CBSC's offices in Dubai. During this second meeting, Wahid again reiterated her authority (and that of Youresh), granted by Boyadjian, to represent and bind BAMA and to organize the Awards in Dubai. She attempted to solicit an investment of AED 1.5 Million (approx. $409,000)—the "Title Sponsorship Package"—from Ahmed. Wahid told Ahmed that she and BAMA wanted CBSC to be the Awards' biggest and most prominent sponsor. Fortunately for CBSC, Ahmed refused, but based on Wahid's representations, did agree that CBSC would become a Silver Sponsor for the time being; if fundraising went well and sponsors signed on as promised, he would consider increasing his sponsorship to the Title package at a later date.

18. Wahid then provided CBSC with a contract for a "Silver Sponsorship Package" (the "Contract"), a true and correct copy of which is attached hereto and incorporated by reference as if fully-set forth herein as Exhibit 3. Under the terms of the Silver Sponsorship Package, CBSC was to be provided with a lengthy list of perks and advertising opportunities in return for its sponsorship of AED 200,000 (approx. $55,000).

19. On its cover, the Contract had the logos for both RAWA and the Awards. It was signed on or about April 9, 2016 by Ahmed on behalf of CBSC, and Wahid on behalf of BAMA in her capacity as BAMA's "Executive Producer/Director of Board". See Exhibit 3, p. 5.

20. On April 12, 2016, CBSC gave Wahid and RAWA the first of two installments of the AED 200,000 payment. The second installment was provided to RAWA on July 15, 2016. These payments, on information and belief, were deposited with and shared among Defendants.

21. In or around April 27, 2016, CBSC was provided with a third document intended to convince Ahmed and CBSC that Wahid, Youresh and RAWA had the necessary authority to represent and bind BAMA as well as their intention to hold the Awards in Dubai. This letter, addressed to "Whom It May Concern" authorized Content Technologies for Value Added Services to be the Awards and BAMA's exclusive value added service provider. This document, a true and correct copy of which is attached hereto and incorporated by reference as if fully-set forth herein as Exhibit 4, was signed by Youresh, President of RAWA.

22. Thereafter, on May 11, 2016, a first press conference was held at the Madinat Jumeriah hotel in Dubai. At this press conference, Ahmed first met with Youresh, who confirmed all of the prior representations made by Wahid, namely, that RAWA was working with BAMA and that he and Wahid were authorized to engage sponsors like CBSC for the Awards, which was going to a big event that would garner a lot of press attention. Also at this

meeting, Youresh again pressed Ahmed to increase the dollar level of his sponsorship (Ahmed refused). Youresh also requested Ahmed use his connections and introduce him (Youresh) to members of the Royal Family in order to have them attend the Awards (Ahmed agreed to and did do this).

23. Over the course of the next few months, Wahid continued to hold herself out as the agent, sole representative for and Executive Producer/Director of the BAMA Board. Wahid went so far as to hold several press conferences along with Ahmed on behalf of CBSC in promotion of the Awards. These press conferences were held in front of banners prominently displaying CBSC's logo, and included swag bags and other promotional items displaying CBSC's logo. The sole purpose of these press conferences was to promote the Awards.

24. Over the course of the next few months Ahmed also met with Wahid on approximately five or six different occasions. During each one of these meetings, one of which was held at the Grand Hyatt Hotel in August 2016, Wahid continually brought up Boyadjian's name, referring to her as the owner of the Awards.

25. When questioned by Ahmed why Boyadjian had not traveled to Dubai to support the promotion of the Awards, Wahid continually assuaged Ahmed's concerns by telling him that Boyadjian was supporting the Awards from the wings, and she was sending some UNESCO community members to support the work going on promoting the Awards. Wahid assured Ahmed that Boyadjian was working with her contacts in the media behind the scenes to ensure the greatest publicity for the Awards.

26. On or about August 31, 2016, three weeks before the Awards were to take place, Ahmed met Wahid at the Grand Hyatt Hotel. Wahid complained to Ahmed about all of the troubles she was having promoting the Awards and locking in sponsors. Ticket sales were

practically nil and all of the vendors wanted to be paid. Wahid needed more funds to try to salvage the Awards. She asked Ahmed to give her more money and increase his sponsorship to the Title level.

27. Ahmed refused to give Wahid any more money but offered to take some tickets and try to round up some investors for her.

28. The very next day, on September 8, 2016, CBSC received an email from BAMA, drafted by Boyadjian herself, informing them as sponsors of the Awards that the Awards were being "postponed" and would be held at a later date in New York City.

29. CBSC immediately reached out to seek the refund owed it under the terms of the Contract. Under the section entitled "Termination of Contract", p.4, it provides for a full refund of the payments made if the Awards were canceled "for any reason".

30. Rather than being provided with the required refund, CBSC was met with accusations of harassment and collusion with Wahid by Boyadjian. Boyadjian denied that there was any connection between Wahid, RAWA and BAMA or herself. She refused to repay the funds stolen from CBSC and instead served CBSC with what she claimed was a "cease and desist letter", demanding CBSC stop harassing and intimidating her.

31. Boyadjian in one email claims that there was never a contract between RAWA and BAMA, but in the email notifying CBSC that the Awards were being postponed and moved to New York, Boyadjian claims that the authorization for Wahid and RAWA to represent BAMA had been rescinded. It states: "Wakila Wahid no longer [sic] a producer of the Big Apple Music Awards 2016." This is clearly an admission that prior to this email communication, Wahid was holding herself out as a producer of the Awards and authorized agent for BAMA.

32. Since cancelling the Awards and moving them to New York, Wahid has disappeared. On information and belief, she first re-located to Cologne, Germany. According to her Facebook page, she is currently living in Kabul, Afghanistan.

33. Since CBSC sought a refund directly from BAMA, Boyadjian has refused to return the funds, claiming that she or BAMA never received CBSC's investment and CBSC should be looking to Wahid for the money.

34. Boyadjian is currently facing charges for conspiracy to defraud, visa fraud, conspiracy to launder money, money laundering and aggravated identity theft under an indictment filed by the United States Attorneys' Office on February 5, 2018.

### First Cause of Action
### (11 U.S.C. § 523(a)(2)(A))

35. Plaintiff repeats and realleges paragraphs 1 through 33 above as if fully set forth herein.

36. 11 U.S.C. §523(a)(2)(A) provides that "a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt …for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained, by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

37. Boyadjian, Youresh and Wahid induced CBSC to enter into the Contract by intentionally misrepresenting to CBSC that Youresh and Wahid were the authorized representatives of BAMA and the Awards. They provided CBSC with documents separate and apart from the Contract that reflected the agency relationship between BAMA, and Youresh and Wahid, when in fact they had no intention of ever honoring that agency relationship or holding the Awards in Dubai.

38. As alleged in more detail above, Youresh and Wahid further made oral representations to CBSC that they were working with Boyadjian and Boyadjian was aware that Youresh and Wahid were representing both BAMA and the Awards as the exclusive authorized agents.

39. Without those misrepresentations being made to CBSC, CBSC would never have entered into the Contract and would never have sponsored the Awards. As such, the misrepresentations were material.

40. CBSC had no reason to believe that the documents and statements made were false and was justified in relying on them and taking them at face value.

41. In justifiable reliance on those misrepresentations, CBSC paid Defendants $55,000 to sponsor the Awards and expended more of its own funds out of pocket for the promotion of the Awards above and beyond that sponsorship amount.

42. As a result of Defendants' fraud, CBSC has been damaged in an amount to be determined at trial, but no less than $55,000.

43. As such, the claims asserted against Defendant by Plaintiff in the Fraud Action are not dischargeable in bankruptcy pursuant to § 523(a)(2)(A) of the Bankruptcy Code.

**Second Cause of Action**
**(11 U.S.C § 523(a)(6))**

44. Plaintiff repeats and realleges paragraphs 1 through 37 above as if fully set forth herein.

45. 11 U.S.C. §523(a)(6) provides that "a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt ...for willful and malicious injury by the debtor to another entity or to the property of another entity."

46. Defendant's actions as alleged more specifically above were done willfully and maliciously with the intent to injure Plaintiff.

47. As a result of Defendant's willful and malicious acts, CBSC has been damaged in an amount to be proven at trial, but no less than $55,000.

48. As such, the claims asserted against Defendant by Plaintiff in the Fraud Action are not dischargeable in bankruptcy pursuant to § 523(a)(6) of the Bankruptcy Code.

WHEREFORE, Plaintiff prays that this Court issue:

(a) An order and judgment determining that the claims asserted against the Debtor by Plaintiffs in connection with the Fraud Action are non-dischargeable, and

(b) An order awarding Plaintiffs such further and additional relief as this Court deems just and reasonable.

Dated: New York, New York
April 9, 2018

          LAZARE POTTER GIACOVAS
          & MOYLE LLP

          By: /s/ Lainie E Cohen
             Robert A. Giacovas
             rgiacovas@lpgmlaw.com
             Lainie E. Cohen
             lcohen@lpgmlaw.com
             875 Third Avenue
             New York, New York 10022
             (212) 758-9300

             Attorneys for Plaintiff CBSC Events &
             Exhibition and Conference Organiser